# Harleysville Mutual Insurance Co. v. Anderson

C.P. of Lancaster County, no. CI-03-01557.

*Brian S. Kane,* for plaintiff.
*Gregory S. Hirtzel,* for defendant Old Guard Ins. Co.
*C. Roy Weidner and Robert M. Frankhouser Jr.,* for defendant Bushong's Pipe and Muffler Shop.
*John R. Ninosky,* for defandants Erie Ins. Group as subrogee of Eshelman.
*Donald B. Hoyt,* for defendants McEllhanney.

FARINA, *J.,* November 7, 2003—Presently before the court is plaintiff Harleysville Mutual Insurance Company's motion to amend complaint for declaratory judgment to remove inadvertently produced privileged material and to compel return of inadvertently produced privileged material. This is a declaratory judgment action filed on February 24, 2003. There is an underlying lawsuit filed by Erie Insurance Group, as subrogee of Carl G. Eshelman, Celeste Eshelman and C. Eshelman & Associates Inc. (collectively, Eshelman), against Howard Anderson, Howard Anderson d/b/a Bushong's Pipe and Muffler Shop, Bushong's Pipe and Muffler Shop (collectively, Bushong's), Kay McEllhanney, Kay McEllhanney d/b/a McEllhanney Home Improvements and McEllhanney Home Improvements (collectively,

McEllhanney), seeking to recover for damages allegedly sustained following a fire at the Eshelman's property on April 29, 2000. The fire was allegedly caused by Anderson's negligence in using a cutting torch to remove metal steps from Eshelman's building in that the cutting torch was the ignition source for the fire. Harleysville insured Anderson from June 16, 1999 through June 16, 2000, on a policy for the garage. Harleysville seeks a declaration that they do not have a duty to defend or indemnify Anderson in the underlying lawsuit, claiming that Anderson's actions in removing the metal steps from the building were not incidental to the garage business for which he was insured.

When Harleysville filed its complaint, they attached an opinion regarding coverage in this matter written by their counsel that was marked "attorney/client communication, privileged/confidential." In the instant action, they seek to have that letter removed from the public record and to have all counsel who received a copy of the letter return it. Old Guard Insurance Company objects to the relief sought by Harleysville. Old Guard filed a petition to intervene in the instant motion as they are not a party to this declaratory judgment action. Old Guard insured Anderson personally under a homeowner's policy. That petition was granted. Old Guard states that they have no objection to returning the letter, but ask that the contents no longer be privileged so they may seek discovery on the inadvertently disclosed information. Bushong's filed a brief stating that they neither consent nor object to Harleysville's motion. At oral argument, however, they spoke to the potential problems that Harleysville's motion raises. No other party has objected to the motion.

Harleysville asks for three remedies in order to correct their mistake. First, they ask that they be permitted to file an amended complaint, removing the opinion letter and that the record be sealed to prevent further disclosure. They next ask for affidavits from all counsel who received the complaint stating that the opinion letter and any copies made thereof have been returned or destroyed. Finally, they ask for a ruling that the privilege attached to the letter is intact and has not been destroyed by its inadvertent disclosure.

Initially, I note that this is a truly novel situation. Counsel on both sides of the motion agree that there is no existing law that speaks to the facts presented. Harleysville argues by pointing to cases which involve the inadvertent disclosure of attorney/client privileged material during discovery.[1] I find that this situation is not sufficiently analogous to those cases to rely upon their outcomes. The analyses used, however, do translate to the instant situation.

In both *Minatronics* and *Herman Goldner,* the courts examined four factors in order to determine whether or not the attorney/client privilege had been waived by inadvertent disclosure. The factors are: (1) the reasonableness of the precautions taken to prevent disclosure; (2) the inadvertence, extent and number of the disclosures; (3) the steps taken after learning of the disclosure and the time frame in which those steps were taken; and (4) issues of fairness and justice, including the utility of

---

1. See *Minatronics Corp. v. Buchanan Ingersoll P.C.,* 23 D.&C.4th 1 (1995); and see *Herman Goldner Co. Inc. v. Cimco Lewis Industries,* 58 D.&C.4th 173 (2002).

extending the attorney/client privilege and the prejudice the receiving party would suffer. *Herman Goldner* at 182-83.

Here, I have no idea of the precautions taken by Harleysville's counsel to prevent this sort of error. They have provided no explanation whatsoever as to how the opinion letter came to be attached to the complaint. Given the seriousness of the disclosure and the number of people that were presumably involved in drafting, reviewing and filing the complaint, and the fact that none of them noticed the letter, I am forced to assume their precautions were grossly inadequate.

I do not doubt that the disclosure of the opinion letter was entirely inadvertent; however, the extent of the disclosure is enormous. Harleysville did not merely produce the document to a few attorneys, but to the world at large. By filing the document in the public record, they made the document available to anyone who chose to look at the file. There is no way to tell who may have done so. I further note that nearly six months passed until the error was discovered and nearly nine months have now passed.

Harleysville contacted opposing counsel the day after their error was discovered to request the return of the opinion letter. This motion was also promptly filed. I cannot find fault with these actions, or their time frame. It is the substantial time the opinion letter was in the public record before discovery which is problematic.

Regarding considerations of justice, I am uncertain as to what remedy could be offered to rectify the current situation. Harleysville asks that they be allowed to file an amended complaint and that I seal the file so as to

prevent its inspection. The sealing of a file is a rarely-granted remedy, to be used only under extraordinary circumstances. I do not believe error on the part of counsel, even error as egregious as this, to be such an extraordinary circumstance.

During oral argument, counsel for Harleysville was asked to articulate exactly what unfair prejudice they will suffer by denying their motion. Counsel responded that the contents of the letter lay out their entire strategy for the declaratory judgment action. Counsel for Bushong's added that it also lays out the weaknesses in the case and point out that the document is not an extremely strong endorsement of the decision to deny coverage. He expressed the concern that it may be difficult for Harleysville's counsel to argue their position regarding coverage when their initial opinion was not as strong.

I do not believe either of these concerns amount to unfair prejudice. The strategy for the declaratory judgment action would have become clear during discovery and throughout the course of the litigation. The disclosure has made it more obvious, but has not provided information that would not have been made available anyway. The opinion letter may not be a ringing endorsement, but it does state that there is a reasonable basis to deny coverage. This is not a case where counsel will be forced to argue contrary to their initial opinion.

I find that the attorney/client privilege has been destroyed as to the opinion letter. Filing in the public record has made it impossible to determine to what extent the letter has been disseminated. I do not, however, today decide whether that destruction extends to any documents referenced or described in the opinion letter. Counsel will

have to raise that issue independently as the litigation proceeds, if it becomes necessary. As the attorney/client privilege has been destroyed, it is unnecessary to permit the complaint to be amended or for counsel to certify that any copies have been returned or destroyed. Harleysville's motion will be denied.

Accordingly, I enter the following:

## ORDER

And now, November 7, 2003, upon consideration of plaintiff Harleysville Mutual Insurance Company's motion to amend complaint for declaratory judgment to remove inadvertently produced privileged material and to compel return of inadvertently produced privileged material, the responses thereto and oral argument held on October 30, 2003, it is hereby ordered and decreed that the motion is denied.